JS 44 (Rev 02/19)

# CIVIL COVER SHEET

19-CV-5540

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kenneth Beatty, Jr

## DEFENDANTS
Keystone Blind Association

19 5540

**(b)** County of Residence of First Listed Plaintiff: Sussex, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Mercer, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Drake P. Bearden, Jr., Costello & Mains, LLC
18000 Horizon Way, Ste 800, Mt. Laurel, NJ 08054, 856-727-9700

Attorneys *(If Known)*
Eric Bronstein, Lewis Brisbois Bisgaard & Smith LLP
550 E. Swedesford Road, Ste 270, Wayne, PA 19087
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

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☒ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act

Brief description of cause:
Disability discrimination, perception of disability discrimination, retaliation and failure to accommodate

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/19/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

NOV 21 2019

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19    5540**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __P.O. Box 1138 Montague, NJ 07827__

Address of Defendant: __3056 East State Street, Hermitage, Pennsylvania 16148__

Place of Accident, Incident or Transaction: __1042 Pennsylvania Avenue, Matamoras, Pennsylvania 18336__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [■] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/19/2019__    _/s/ (signature)_    __308035__
            *Attorney-at-Law / Pro Se Plaintiff*       *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights  [✓]
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*: _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Drake P. Bearden, Jr.__, counsel of record *or* pro se plaintiff, do hereby certify

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[✓] Relief other than monetary damages is sought.

DATE: __11/19/2019__    _/s/ (signature)_    __308035__
            *Attorney-at-Law / Pro Se Plaintiff*       *Attorney ID # (if applicable)*

**NOV 21 2019**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

AB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kenneth Beatty, Jr. | : | CIVIL ACTION |
| v. | : | |
| Keystone Blind Association | : | NO. **19  5540** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 11/19/2019 | DRAKE P. BEARDEN, JR | KENNETH BEATTY |
| Date | Attorney-at-law | Attorney for |
| 856-727-9700 | 856 727 9797 | DBEARDEN@COSTELLOMAINS.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**NOV 21 2019**

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr., Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH BEATTY, JR., | : CIVIL ACTION |
| Plaintiff, | : |
| vs. | : DOCKET NO: 19 5540 |
| KEYSTONE BLIND ASSOCIATION, and JOHN DOES 1-5 AND 6-10, | : |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Kenneth Beatty, Jr., residing in the State of New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") alleging disability discrimination, perception of disability discrimination, retaliation and failure to accommodate.

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory provisions.

Jurisdiction lies over the state law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. § 1367.

1

The amount in controversy, exclusive of interest, fees and costs exceeds the sum of $100,000.00.

All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Defendant who resides within the jurisdictional limits. Venue has accordingly been invoked pursuant to the dictates of 28 U.S.C. § 1391 (b) and (c).

Plaintiff exhausted his administrative remedies pursuant to the ADA and PHRA claims in that he filed a claim with the Equal Employment Opportunity Commission ("EEOC"), which was filed concurrently with the PHRC.

On September 22, 2019, Plaintiff was issued a Right to Sue Letter from the EEOC.

## Identification of Parties

1. Plaintiff Kenneth Beatty, Jr. was, at all times relevant herein, a resident of the State of New Jersey, who previously worked for Defendant Keystone Blind Association.

2. Defendant Keystone Blind Association ("KBA") was, at all times relevant herein, a corporation registered and operating in the State of Pennsylvania, with offices located at 3056 East State Street, Hermitage, Pennsylvania 16148.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff began working for Defendant in or around 2014 at the Hermitage, Pennsylvania location.

2

5.    Plaintiff physically worked at the Pennsylvania Welcome Center that is on the border between New Jersey and Pennsylvania at 1042 Pennsylvania Avenue, Matamoras, Pennsylvania 18336.

6.    Defendant terminated Plaintiff from his employment on or around October 1, 2018.

7.    Plaintiff is disabled within the meaning of the ADA and PHRA as an individual who is diagnosed with severe rheumatoid arthritis

8.    As a result of that condition, from the time Plaintiff worked for Defendant until the time Defendant terminated him, Plaintiff received several reasonable accommodations.

9.    The accommodations included that Plaintiff was not required to use the snow blower and Plaintiff was not required to wax floors.

10.   These accommodations were provided to Plaintiff up until the Summer of 2018 without any problems.

11.   In or around the Summer of 2018, David Dalmanieras was hired as a Supervisor, and in particular, Plaintiff's Supervisor.

12.   Shortly after Dalmanieras began working for Defendant, Dalmanieras told Plaintiff he would be laid off on October 1, 2018, because he could not use the snow blower.

13.   Subsequent to Plaintiff being "laid off," or terminated, another individual was hired in Plaintiff's position.

14.   Plaintiff's understanding is that another individual has been hired in Plaintiff's position, and Plaintiff will not be asked to return to work for Defendant.

15.   Plaintiff was "disabled," within the meaning of the LAD.

16. In addition, or in the alternative, Plaintiff was perceived as "disabled" by Defendant.

17. At the time Defendant terminated Plaintiff from his employment, Plaintiff was capable of performing all of the essential functions of his job with or without a reasonable accommodation.

18. A determinative or motivating factor in Defendants decision to terminate Plaintiff was Plaintiff's disability.

19. In addition or in the alternative, a determinative and/or motivating factor in Defendant's decision to terminate Plaintiff was Defendant's perception that Plaintiff was disabled.

20. Plaintiff was further a member of a protected class as an individual who advanced his right pursuant to the ADA and PHRA in making a request for an accommodation due to his disability.

21. Plaintiff was subjected to adverse employment actions including, but not limited to, being terminated as a result of making a request for an accommodation.

22. Plaintiff's membership in one or more of the protected groups set forth above was a determinative and/or motivating factor in the adverse employment actions taken against him.

23. Because the discrimination and retaliation was knowing, intentional and purposeful, punitive damages are warranted because the conduct was undertaken by members of upper management.

24. To the extent that there is any "mixed motive," Plaintiff need only show that a determinative and/or motivating factor in the conduct directed towards him was because of his membership in one or more of the protected groups set forth above.

4

25. Plaintiff made a request for an accommodation as outlined in detail above.

26. Despite Plaintiff's accommodation request, Defendant failed to engage in any interactive process to determine whether or not the accommodation could be provided, and Defendant denied Plaintiff's accommodation and terminated him.

27. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Disability Discrimination Under the ADA

28. Plaintiff hereby repeats and realleges paragraphs 1 through 27, as though fully set forth herein.

29. The conduct set forth above constitutes disability discrimination and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Discrimination Based on Perception of Disability Under the ADA

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29, as though fully set forth herein.

31. Plaintiff was subjected to discrimination based on Defendants perception that he was disabled that had an adverse effect on his employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate Under the ADA

32. Plaintiff hereby repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff made a request for a reasonable accommodation as set forth above.

34. Despite receiving Plaintiff's request for an accommodation, Plaintiff's new Supervisor, Dalmanieras failed to engage in the interactive process to establish whether or not the accommodation could be provided, failed to provide the accommodation and terminated Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation Under the ADA

35. Plaintiff hereby repeats and realleges paragraphs 1 through 34, as though fully set forth herein.

36. Plaintiff engaged in protected activity under the ADA in that he made a request for a reasonable accommodation due to his disability.

37. As a result in Plaintiff engaging in protected activity, he was subjected to adverse employment actions, including, but not limited to, being terminated from his employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Disability Discrimination Under the PHRA

38. Plaintiff hereby repeats and realleges paragraphs 1 through 37, as though fully set forth herein.

39. The conduct set forth above constitutes disability discrimination and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys'

7

fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Discrimination Based on Perception of Disability Under the PHRA

40. Plaintiff hereby repeats and realleges paragraphs 1 through 39, as though fully set forth herein.

41. Plaintiff was subjected to discrimination based on Defendant's perception that he was disabled that had an adverse effect on his employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VII

### Failure to Accommodate Under the PHRA

42. Plaintiff hereby repeats and realleges paragraphs 1 through 41, as though fully set forth herein.

43. Plaintiff made a request for a reasonable accommodation as set forth above.

44. Despite receiving Plaintiff's request for an accommodation, Plaintiff's new Supervisor, Dalmanieras failed to engage in the interactive process to establish whether or not the accommodation could be provided, failed to provide the accommodation and terminated Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and

personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VIII

### Retaliation Under the PHRA

45. Plaintiff hereby repeats and realleges paragraphs 1 through 44, as though fully set forth herein.

46. Plaintiff engaged in protected activity under the PHRA in that he made a request for a reasonable accommodation due to his disability.

47. As a result in Plaintiff engaging in protected activity, he was subjected to adverse employment actions, including, but not limited to, being terminated from his employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IX

### Request for Equitable Relief

48. Plaintiff hereby repeats and realleges paragraphs 1 through 47, as though fully set forth herein.

49. Plaintiff requests the following equitable remedies and relief in this matter.

50. Plaintiff requests a declaration by this Court that the practices contested herein violate federal law or Pennsylvania law as set forth herein.

9

51. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

52. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

53. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

54. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

55. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

56. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

By: /s/ Drake P. Bearden, Jr.
Drake P. Bearden, Jr.

Dated: November 19, 2019

## DEMAND FOR A TRIAL BY JURY

1. Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to *Rule* 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all counts in the above-captioned action.

COSTELLO & MAINS, LLC

By: /s/ Drake P. Bearden, Jr.
Drake P. Bearden, Jr.

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

COSTELLO & MAINS, LLC

By: /s/ Drake P. Bearden, Jr.
Drake P. Bearden, Jr.

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: /s/ Drake P. Bearden, Jr.
    Drake P. Bearden, Jr.